

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 1, 2017**

_____
**United States Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Joseph Charles Cole II and** | § | **Case No. 15-34675-hdh7** |
| **Valerie Lynn Cole,** | § | |
| | § | |
| Debtors. | § | |
| **Peggy Blackburn,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 16-03027-hdh** |
| | § | |
| **Joseph Charles Cole II and** | § | |
| **Valerie Lynn Cole,** | § | |
| | § | |
| Defendants. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 26, 2016, Peggy Blackburn ("Ms. Blackburn" or the "Plaintiff") filed the present adversary proceeding seeking a declaration that certain of the Plaintiff's claims against Joseph Charles Cole II ("Mr. Cole") and Valerie Lynn Cole ("Mrs. Cole" and together with Mr. Cole, the "Defendants") are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because the debts arose from the Defendants' actual fraud.

Earlier in this adversary proceeding, the Plaintiff sought summary judgment against the Defendants based on an arbitration award obtained prior to the Defendants' bankruptcy case (the "<u>Arbitration Award</u>"). Based on the collateral estoppel effect of the Arbitration Award, the Court found the debts owed to the Plaintiff by Mr. Cole (1) pursuant to the Arbitration Award in the amount of $799,468 plus post-judgment interest and (2) for litigation costs in the amount of $700, should be declared nondischargeable.[1] The Court did not find, however, that the Arbitration Award had collateral estoppel effect with regard to Mrs. Cole, so summary judgment against Mrs. Cole was denied and the claims against Mrs. Cole were set for trial.

The trial against Mrs. Cole was held on October 31, 2017. The Plaintiff and Mrs. Cole were the only witnesses who testified, and no exhibits were introduced.

During the summary judgment phase of this adversary proceeding, Ms. Blackburn, acting *pro se*, did an excellent job and obtained a summary judgment against Mr. Cole. At the trial against Mrs. Cole, however, Ms. Blackburn did not offer any exhibits in support of her nondischargeability case against Mrs. Cole and only offered limited testimony to prove the elements of the cause of action. Ms. Blackburn discussed facts that, she argued, support a finding that the Arbitration Award should be given collateral estoppel effect against Mrs. Cole, but the facts that Ms. Blackburn discussed did not vary substantially from those considered by the Court when the summary judgment ruling was entered.

Mrs. Cole testified in her case in chief that she was not an officer or director of her husband's company, that she issued checks at his instruction, and that she had never met Ms. Blackburn.

---

[1] *Order Partially Granting Motion for Summary Judgment* [Docket No. 48].

3

A plaintiff in a section 523(a)(2)(A) dischargeability action bears the burden of proving the elements of her claims by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279 (1991).  In this case, the record falls short of the proof required.  The Plaintiff did not show that Mrs. Cole obtained money or property from the Plaintiff by "false pretenses, a false representation, or actual fraud" as required by section 523(a)(2)(A).

Accordingly, judgment will be entered in favor of Mrs. Cole.

###END OF FINDINGS AND CONCLUSIONS###